[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2005
THOMAS K. KAHN
CLERK

No. 04-15134
Non-Argument Calendar

_____

D.C. Docket No. 04-20227-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER ANAZCO,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 13, 2005)

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

On July 9, 2004, the district court accepted appellant's guilty plea to three

offenses: a violation of 18 U.S.C. § 371 for conspiring to obstruct justice in

violation of 18 U.S.C. § 1503 (Count 1); obstruction of justice in violation of 18

U.S.C. § 1503 (Count 2); and making a false statement in violation of 18 U.S.C.

§ 1001 (Count 4). Prior to sentencing, the court's probation office prepared a

presentence report ("PSI") which for Sentencing Guidelines purposes, grouped the

offenses together, see U.S.S.G. §§ 3D1.2, 3D1.3(a),[1] and gave the offenses a base

offense level of 14. The PSI enhanced that level by 3 levels pursuant to U.S.S.G.

§ 2J1.2 (b)(2) because the § 1503 offense resulted in a substantial interference

with the administration of justice, and reduced it by 2 levels pursuant to U.S.S.G.

§ 3E1.1(a) for acceptance of responsiblity. The resulting offense level of 15

coupled with a criminal history category of VI yielded a Guidelines imprisonment

range of 41 to 51 months.

After receiving the PSI, defense counsel objected to the § 2J1.2(b)(2)

offense-level enhancement on the Sixth Amendment ground articulated by the

Supreme Court in Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159

L.Ed.2d 403 (2004), that precludes a sentencing court from enhancing a

---

[1] Under these Guidelines sections, the offense level applicable to the group is the offense level for the most serious offense of the group—here the § 1503 obstruction-of-justice offense which carries a maximum penalty of 10 years' imprisonment and, pursuant to U.S.S.G. § 2J1.2(a), a base offense level of 14.

defendant's sentence on the basis of facts neither admitted by the defendant[2] nor found by a jury beyond a reasonable doubt.  He renewed the objection at appellant's sentencing hearing, and the court overruled it.  Then, after hearing from the parties and affording appellant his right of allocution, the court sentenced appellant to prison for 48 months on each count, the sentences to run concurrently.

Appellant now challenges his sentences, contending that the court's <u>Blakely</u> violation requires that we vacate his sentences and remand the case for resentencing.  <u>Blakely</u>'s rationale now applies to the federal guidelines sentencing system.  <u>United States v. Booker</u>, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  The district court therefore erred in overruling appellant's Sixth Amendment objection.  Given this circumstance, the question becomes whether the Government, on the basis of the record of appellant's sentencing hearing, has established beyond a reasonable doubt that the error did not contribute to appellant's sentences.  Put another way, the Government must show that the court would not have imposed lesser sentences had it treated the Guidelines as advisory rather than mandatory.

---

[2] Appellant denied that he had engaged in the conduct warranting the § 2j1.2(b)(2) offense-level enhancement.

Our examination of the transcript of the sentencing hearing—especially the colloquy between the court and defense counsel—convinces us that the court would have imposed the same 48 months' prison sentences, if not longer terms of imprisonment, had it treated the Guidelines as advisory. Given appellant's conduct in committing the instant offenses, his extensive criminal record and likelihood of recidivism, and the fact that he was awaiting the imposition of sentence in state court for probation violation, the Government urged the court to sentence appellant at the higher end of the Guidelines sentence range (of 41 to 51 months' imprisonment). Defense counsel requested the court to run appellant's sentences concurrently with the sentence he would be receiving in state court for probation violation, and added his view of an appropriate disposition by saying, "if the Court is so inclined, we would be willing to agree to a sentence within the higher end as the government suggests of the guideline range."

In sum, we conclude that the error in this case was harmless beyond a reasonable doubt. Appellant's sentences are, accordingly,

AFFIRMED.